IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUANE MILLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-887 |
| | ) | |
| KEYSTONE BLIND ASSOCIATION/TPM, | ) | Magistrate Judge Mitchell |
|     Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

Plaintiff, Duane Miller, proceeding pro se, brings this civil rights action, alleging that his employer, Keystone Blind Association/TPM, illegally demoted him based on his race (African-American) on August 23, 2010, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII).

Presently before this Court for disposition is a motion to dismiss the Amended Complaint, or in the alternative, for a more definite statement, brought by the Defendant. For the reasons that follow, the motion will be denied.

Facts

The Amended Complaint alleges as follows:

In October of 2009 the Lead Attendant/Site Supervisor position was open. I ask[ed] Gary Holder (supervisor) for the position and he said he was going to bring someone in from the outside. About a week later he made Leon a white employee that's not from the outside, the Lead Attendant/Site Supervisor and pass[ed] me over and I have more seniority than him, subsequently he quit and they still didn't ask me, when I found out I call[ed] the office and ask[ed] them. When I finally was made the Lead Attendant/Site Supervisor I went to a meeting and I was the only black employee with any [authority] out of 25 employees at the meeting.

I went through a 90 day probation period and went pass[ed] with flying colors. I had never been wrote-up before, until the supervisor went on vacation. In August,

> Evelyn Kurdupski (manager) wrote me up for eating a bag of potatoe chips. This is ridiculous. Evelyn is [racist] and made racial comment about how I [won't] move up the ladder because I'm black and how white employees don't have to do [their] job right because [they're] white.
>
> I was wrote-up on time and got demoted by Evelyn (manager) who can't demote [anyone], Judy Rauso (director) cover[ed] up the fact that Evelyn can't demote [anybody] and this is [an] illegal demotion they don't want black employees to have any [authoritative] position. This is a tax funded contracts, all races of people deserve a [fair] chance, but [there are] only white employees with [authority].
>
> In their EEOC report their findings are misrepresented, distorted, only hearsay, no facts, documents with known dates, deceptive tactics, not following their manual with known disciplinary procedure documents. The state discrimination law is every[one] should be treated fairly and equal. This is a violation of my civil rights in violation of Title VII of Civil Rights Act of 1964.

(Am. Compl. at 1.)[1] Attached to the Amended Complaint are a copy of Defendant's Position Statement Response to the Charge, a report of employment data regarding the racial breakdown of Keystone's employees, and a copy of Keystone's organizational chart.

Procedural History

Plaintiff filed an initial complaint on July 6, 2011. It was only one page long and it asserted that on August 23, 2010, he was demoted from lead attendant/site supervisor to the position of attendant by Evelyn Kurdupski, based on his race. On July 26, 2011, an order was entered (ECF No. 3) directing Plaintiff to file an amended complaint in conformance with Rule 8 of the Federal Rules of Civil Procedure, including relevant EEOC findings and documents, by August 9, 2011. On August 4, 2011, Plaintiff filed an Amended Complaint, as quoted above (ECF No. 4). On October 19, 2011, Defendant filed a motion to dismiss or for more definite statement (ECF No. 12). On December 7, 2011, Plaintiff filed a response to the motion (ECF

2

No. 20).  On December 14, 2011, Defendant filed a reply brief, in which it asserted that Plaintiff's response does not cure the deficiencies in the Amended Complaint (ECF No. 21).

<u>Standard of Review</u>

The Supreme Court recently issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).  The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008).  In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (citations omitted). Mere "possibilities" of misconduct are insufficient.  <u>Id.</u> at 1949-50.  District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief.". . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).  In <u>Fowler</u>,

---

[1]    ECF No. 4.

3

the court held that a complaint that alleged that the plaintiff was injured at work, that there was an opening for a position that the employer never contacted her about and that the employee believed this action was based on her disability was sufficient to put employer on notice of her claim under the Rehabilitation Act.

Defendant argues that: 1) the Amended Complaint fails to state a basis for this Court's jurisdiction; 2) the racial discrimination claim should be dismissed because Plaintiff did not exhaust his administrative remedies prior to bringing his claim for relief; and 3) the Amended Complaint does not contain a short and plain statement of the claim in conformance with Federal Rule of Civil Procedure 8.

Basis for Jurisdiction

Defendant argues that Plaintiff has failed to state a basis for this Court's jurisdiction. The Court of Appeals has held that, in considering a pro se complaint, the court "will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). See Allen v. M Resort, LLC, 2011 WL 2418622, at *2 (D. Nev. June 14, 2011) (complaint alleging "sexual harassment, gender discrimination, and retaliation in accordance with Title VII of the Civil Rights Act of 1964" gave defendant fair notice of the basis for the court's jurisdiction).

Clearly, Plaintiff asserts a claim under Title VII, for which this Court's jurisdiction is invoked under 28 U.S.C. § 1331 as it involves a federal question. In its brief, Defendant states that "this is a race discrimination case." (ECF No. 13 at 1.) In addition, Plaintiff's Amended Complaint, response to the motion to dismiss and exhibits thereto all refer to Title VII of the Civil Rights Act of 1964. (ECF No. 4; ECF No. 20 ¶ 1 & Ex. 2.) Thus, Defendant cannot

contend that it does not have fair notice of the basis for this Court's jurisdiction. This argument is rejected.

### Exhaustion of Administrative Remedies

Title VII requires plaintiffs to exhaust administrative remedies prior to bringing suit in court by filing an administrative claim with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(e)(1). Defendant argues that Plaintiff has failed to state that he filed an administrative claim with the EEOC. It is noted that the Supreme Court has held that "the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted). The Court of Appeals for the Third Circuit has held that failure to exhaust administrative remedies at all, like failure to timely exhaust administrative remedies, is a prudential, not a jurisdictional requirement. Wilson v. MVM, Inc., 475 F.3d 166, 176 (3d Cir. 2007).

Plaintiff has submitted a response to the motion to dismiss, in which he indicates that he filed a charge of discrimination with the EEOC on August 24, 2010 alleging that his demotion subjected him to racial discrimination, that an investigation took place and that on April 18, 2011, he was issued a Notice of Right to Sue Letter. (ECF No. 30 Exs. 1, 2.) Thus, he has met his administrative exhaustion requirement. This argument is rejected.

### Failure to State a Prima Facie Case of Discrimination

Defendant argues that Plaintiff's claim under Title VII fails to meet the burden-shifting framework set forth by the Supreme Court in McDonnell-Douglas Corp. v. Green, 411 U.S. 792

(1973). To state a prima face case of discrimination, a plaintiff must demonstrate that: 1) he is a member of a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) non-members of the class were treated more favorably. <u>Abramson v. William Paterson College of N.J.</u>, 260 F.3d 265, 281 (3d Cir. 2001).

However, this shifting-burden framework is not applied when a motion to dismiss has been filed. Indeed, the Supreme Court has held that a plaintiff alleging a claim of employment discrimination need not plead "specific facts" establishing the elements of a prima facie case, as would be required in response to a motion for summary judgment or at trial. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002) (establishing a prima facie case is an "evidentiary standard, not a pleading requirement."). In <u>Twombly</u>, the Court cited <u>Swierkiewicz</u> without distinguishing it and rejected the plaintiffs' contention that it "ran counter" to <u>Twombly</u>'s plausibility standard. 550 U.S. at 569-70.

Plaintiff's complaint alleges all that is necessary for his claim of Title VII discrimination at this stage of the proceedings. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

<u>Failure to Comply With Rule 8</u>

Defendant argues that even Plaintiff's response to its motion to dismiss fails to comply with Rule 8, which requires a short and plain statement of the claim. It argues that:

> The Amended Complaint and the Response to Motion to Dismiss contain a multitude of legal conclusions without any factual support. Moreover, the Complaint is drafted in a manner that makes it impossible. The Amended

> Complaint and the Response to Motion to Dismiss is nothing more than labels and conclusions and resuscitations of buzz words that do not support a cause of action. Finally, the Plaintiff's Amended Complaint and Response to Motion to Dismiss is a narrative as opposed to a concisely stated Complaint set forth in numbered paragraphs allowing this Defendant to respond appropriately.

(ECF No. 21 at 1-2.) Therefore, Defendant moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. It also contends that Plaintiff has failed to use short, numbered paragraphs as required by Rule 10(b). It is noted Plaintiff's response to the motion contains numbered paragraphs, although they are lengthy.

Although Plaintiff's filings are not a model of clarity, they are sufficient to allow Defendant to respond, as indeed it has done. No purpose would be served by continuing to order Plaintiff to draft his pleadings in short, numbered paragraphs. Rather, this Court will deny Defendant's motion and Defendant should file an answer to the Amended Complaint, so that this case can proceed.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: December 19, 2011

cc:   Duane Miller
      #8 Sharon Court
      Pittsburgh, PA 15235