```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DUANE MILLER                  )
                              )
           Plaintiff,         )
                              )
     v.                       )    Civil Action No. 11-887
                              )
KEYSTONE BLIND ASSOCIATION/TPM,)
                              )
           Defendant.         )
```

MEMORANDUM ORDER


On May 11, 2012, Plaintiff Duane Miller ("Miller") filed a Motion to Compel Answers to Interrogatories and Production of Documents alleging that Defendant Keystone Blind Association ("Keystone") had failed to respond to his discovery requests (Doc. # 33).  On May 29, 2012, Keystone filed a response to Miller's motion, representing that it complied with Miller's discovery requests on May 25, 2012 (Doc. # 36).[1]

In conjunction with its response to Miller's Motion to Compel, Keystone filed a Motion to Extend the Discovery Deadline which was set to expire on May 31, 2012 (Doc. #35).  In this document, Keystone explained that the delay in the discovery process was reasoned by organizational concerns regarding the documents Muller requested.  Keystone also informed that Miller

---

[1] Keystone did not offer an explanation for its delay in responding to the interrogatories and production of documents request.

had advised that he wanted to review Keystone's discovery responses before he deposed certain Keystone representatives. Two of those depositions were scheduled for May 30, 2012. Given that discovery was scheduled to close the following day, Keystone requested a one-month extension of the discovery deadline and a concomitant extension for filing its motion for the summary judgment.

On May 30, 2012, the court granted Keystone's motion to extend the discovery deadline and dismissed Miller's motion to compel as moot (Doc. # 37). The next day, Miller filed a Motion for Sanctions complaining that discovery should not have been extended because Keystone has unreasonably delayed the discovery process (Doc. # 38). As the court reads Miller's motion, he is requesting that Keystone either be disciplined for its dilatoriness or that judgment be entered in Miller's favor.

It is first observed that a motion for sanctions is not appropriate because Miller has not averred that Keystone engaged in conduct warranting sanctions under Fed. R. Civ. P. 37(b).

In the alternative, if the court construes Miller's current motion as a request for reconsideration of its order granting Keystone's motion to extend discovery, the motion is denied. If the original May 31, 2012, discovery deadline was imposed, the parties would have only one day following the

scheduled depositions to complete discovery.  Given these time constraints, it was reasonable, and in both parties' interests, to extend the discovery and summary judgment deadlines for thirty days.

                                        <u>s/Robert C. Mitchell</u>

                                        Robert C. Mitchell
                                        United States Magistrate Judge